UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE FLORES,<br>on behalf of himself and all others<br>similarly situated<br><br>        Plaintiff,<br>  vs.<br><br>EXPRESS SERVICES, INC., d/b/a<br>EXPRESS PERSONNEL SERVICES,<br><br>        Defendant | C.A. No. 14-<br><br>CLASS ACTION<br><br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1.      This is a consumer class action based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. ("FCRA"). Plaintiff brings this action on behalf of consumers who applied for jobs with the Defendant. Defendant systematically violates section 1681b(b)(3) of the FCRA by using employment background checks to make adverse employment decisions without providing the consumer job applicants who are the subject of the background checks a copy of the report obtained, along with a summary of his or her FCRA rights, and a sufficient amount of time to contest and/or correct any errors in the reports before the adverse action is taken.

### II.   JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and because Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c).

### III.   PARTIES

4. Plaintiff Jose Flores is an adult individual and citizen of the Commonwealth of Pennsylvania.

5. Defendant Express Services, Inc., doing business as Express Personnel Services (Express) is a business entity that has more than 600 franchises in the United States, Canada, and South Africa. The company employs over 10,000 individuals and generated $2.3 billion in sales in 2012. Express markets itself as offering "a full range of employment solutions for area businesses and job seekers, including professional search and contract, temporary and contract staffing, evaluation and direct hire, flexible staffing, and onsite services. For employers, Express can also provide solutions to HR challenges, including an HR Hotline, HR compliance audits, employee handbook creation, Organizational Effectiveness Surveys, onsite client training programs, and affirmative action plans." *See* http://www.expresspros.com/company/overview/. Defendant regularly conducts business in the Commonwealth of Pennsylvania, and operates a place of business at 1617 JFK Boulevard, Suite 490, Philadelphia, PA 19103.

### IV.   FACTUAL ALLEGATIONS

6. In late 2012, Plaintiff Flores applied for employment with Express' office in Philadelphia.

7. As a condition of the employment application with Express, Mr. Flores authorized a background report.

8. Express ordered a background report on Flores from a consumer reporting agency ("CRA") named backgroundchecks.com ("BGC").

2

9. BGC produced and sold to Express a background report on Mr. Flores that consisted of 64 pages and contained approximately 170 criminal records pertaining to other unrelated individuals from many other states, including a "Rape-Child" case from Harris County, Texas.

10. Mr. Flores has one criminal record from 2001 in Philadelphia, Pennsylvania. That record did not appear on the background report.

11. Mr. Flores did not receive a copy of the report from Express at the time it was furnished and was thus deprived of the opportunity to explain to Express Personnel that the report was completely false.

12. Based on the results of the background report, Express Personnel declined to hire Mr. Flores.

### V.   CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action individually and as a class action for Defendant's violations of section 1681b(b)(3)(A) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing within the jurisdiction of the Third Circuit who (i) within two (2) years prior to the filing of this Complaint; (ii) applied for employment with Defendant; (iii) were the subject of a consumer report used by Defendant for employment purposes; (iv) were the subject of an adverse employment action by Defendant; and, (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA prior to the adverse action.

14. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds if not thousands. Defendant is a business with more than 500 offices nationwide (*see* http://www.expresspros.com/locations/) that

staffs other businesses, and utilizes common practices and procedures for screening job applicants.

15. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include whether Defendant, by employing a policy and practice of failing to provide job applicants with pre-adverse action notices, willfully and negligently violated section 1681b(b)(3) of the FCRA.

16. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

18. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly

fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI.   CAUSES OF ACTION

### COUNT ONE – FCRA § 1681b(b)(3)

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

22. The background or consumer reports that Defendant purchases regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

23. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

24. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

25. Defendant is a "person" that regularly uses consumer reports for employment purposes.

26. The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

27. Defendant willfully and negligently violated section 1681b(b)(3) of the FCRA by failing to provide to the consumer about whom the report relates a copy of the report and a

written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

28. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently violating FCRA section 1681b(b)(3) by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

## VII. JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against the Defendants as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendant for actual damages;

(c) That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(d) That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(e) That the Court award costs and reasonable attorney's fees; and

(f) That the Court grant such other and further relief as may be just and proper.

Dated: June 9, 2014

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

By: *s/ James A. Francis*
James A. Francis
John Soumilas
David A. Searles
Lauren KW Brennan
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class